# FAIRWORK PC | EMPLOYMENT LAW

October 19, 2023

**BY CM/ECF**
Maria R. Hamilton, Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      RE:    <u>Montoya, et al.  v. CRST Expedited, Inc., et al.</u>
              1st Cir. Case No. 21-1125

Dear Ms. Hamilton:

      Plaintiffs-Appellees respectfully submit this letter in response to Defendants-Appellants' purported supplemental authority submitted on October 17, 2023. *Roberts v. TransAm Trucking, Inc.* is neither relevant nor persuasive. First, *Roberts* concerned solo truck drivers, meaning that the drivers were not in the sleeper berth while the truck was moving, as CRST's team drivers are. This was integral to the Court's decision, in which it noted that "the evidence [in *Roberts*] is that the drivers can sleep in a sleeper berth, a hotel, or a family member's house. TransAm does not care where they sleep. . ." 2023 WL 6376756, at *12. In contrast, CRST's drivers must sleep in the sleeper berth, because the truck is in motion and being driven by the other team driver while they are sleeping. The *Roberts* decision about sleeper berth time for solo truck drivers is therefore inapposite.

      Second, nearly all district courts that have considered the compensability of sleeper berth time for **team** truck drivers (including the District Court in this case) have concluded that such time is compensable (in excess of eight hours per day). *See, e.g.*, *Browne v. P.A.M. Transport, Inc.*, 2018 WL 5118449, at *2 (W.D. Ark. Oct. 19, 2018); *Julian v. Swift Transportation, Inc.*, 360 F. Supp. 3d 932, 952 (D. Ariz. 2018). And that is the clearly articulated position of the United States Department of Labor as well. *See* Amicus Brief of Dept. of Labor, Mar. 38, 2022, and authorities cited therein.

      Finally, *Roberts* is a district court decision from Kansas and is not precedential for this Court. *Vertex Surgical, Inc. v. Paradigm Biodevices, Inc.*, 648 F. Supp. 2d 226, 231 (D. Mass. 2009) ("[D]istrict court decisions are neither authoritative nor precedential."); *United States v. Baez*, 878 F. Supp. 2d 288, 295 (D. Mass. 2012), *aff 'd*, 744 F.3d 30 (1st Cir. 2014) ("[B]inding precedent . . . is established in the federal system by the United States

Circuit Courts of Appeal. . . [D]ecisions of the federal district courts are not binding on any parties other than those in the case generating that particular decision.").

Sincerely,

*/s/Hillary Schwab*
Hillary Schwab
Counsel for Plaintiffs-Appellees